FILED

JAY S. ROTHMAN & ASSOCIATES
JAY S. ROTHMAN, SBN 49739
21900 Burbank Blvd., Suite 210
Woodland Hills, California 91367
E-Mail: lawyers@jayrothmanlaw.com
Telephone:  (818) 986-7870
Facsimile:  (818) 990-3019

2011 JUL 19  PM 1: 56

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY:

Attorneys for Plaintiff
EDDIE D. JOHNSON

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

EDDIE D. JOHNSON,

           Plaintiff,

vs.

DOLLAR TREE STORES, INC., a
Virginia corporation; CHERYL
McNALLY, an individual; and
DOES 1 through 10, Inclusive,

           Defendants.

CASE NO. **LACV11-5923** DMG (CWx)

**COMPLAINT FOR DAMAGES**

**DEMAND FOR JURY TRIAL**

## JURISDICTION AND VENUE

    1.   Plaintiff EDDIE D. JOHNSON ("Plaintiff") brings this claim for damages pursuant to Title VII of the Civil Rights Act of 1964 and the Civil Rights Act of 1991.

    2.   The Court has jurisdiction over Plaintiff's claims because the matters in controversy arise under the laws of the United States.

    3.   Venue is proper in this Court under 28 U.S.C. §1391(a)(3) because defendant DOLLAR TREE STORES, INC. ("defendant DOLLAR") is subject to personal jurisdiction herein.

## PARTIES

4.   Plaintiff is an individual who was employed by defendant DOLLAR and who resides in San Bernardino, California.

5.   Defendant DOLLAR is a California corporation subject to personal jurisdiction herein.

6.   Defendant CHERYL McNALLY ("defendant McNALLY") is an individual employed by defendant DOLLAR as a Store Manager and Plaintiff's supervisor.  All actions taken by defendant McNALLY were taken in the course and scope of her employment.

7.   The true names and capacities of the defendants sued herein as DOES 1 through 10, inclusive, are unknown to Plaintiff, who therefore sues these defendants by such fictitious names.  Plaintiff will ask leave of the Court to amend this Complaint to show their true names and capacities when same have been ascertained.  Plaintiff is informed and believes, and thereon alleges, that each of the defendants, herein designated as a DOE, proximately caused the injuries and damages to Plaintiff as hereinafter alleged.

8.   Plaintiff is informed and believes, and thereon alleges, that each of the defendants designated herein as a DOE is legally responsible in some manner for the events and happenings herein referred to, and negligently, wantonly, recklessly, tortiously and/or unlawfully proximately caused the injuries and damages thereby to Plaintiff as herein alleged.

## STATEMENT OF FACTS

9.   Plaintiff began his employment with defendant DOLLAR on February 10, 2010.  He was employed in the position of cashier.

10.   Defendant McNALLY was in a supervisory position over Plaintiff.

11.   Immediately upon the start of his employment, and during the duration of his employment, defendant McNALLY sexually harassed Plaintiff and discriminated against him on the basis of his sex.  This harassment and

COMPLAINT FOR DAMAGES

discrimination included, but was not limited, to the following: (a) Telling Plaintiff that she wanted to "f*ck" him; (b) Telling Plaintiff he can come to her house so they can "f*ck; ( c) Sending Plaintiff sexually explicit pictures of herself, which included pictures of her breasts, vagina, and dressed in a bra and G-string underwear; (d) Sending Plaintiff sexually explicit text messages; and (e) Making sexually suggestive gestures during work, such as sticking her tongue in between two fingers to represent oral sex upon a female and bending over to reveal her buttocks.

12.   These actions took on a daily basis.  Plaintiff considered all this conduct to be harassment and discrimination and it bothered him.

13.   On  July 25, 2010, Plaintiff complained of the harassment and discrimination to Dave Woolley, defendant DOLLAR's District Manager. Another meeting was scheduled with Dave Woolley for July 30, 2010, wherein Plaintiff was to show Mr. Woolley the pictures sent to him by defendant McNALLY.

14.   On July 30, 2010, before the additional meeting scheduled with Mr. Woolley took place, defendant DOLLAR terminated Plaintiff.  No explanation was provided for Plaintiff's termination.

15.   Based on these facts, defendant DOLLAR did nothing in response to Plaintiff's complaints.  The response by defendant DOLLAR was insufficient because it did not stop the wrongful behavior by defendant McNALLY.

16.   Plaintiff was terminated in retaliation for complaining of harassment and discrimination.

17.   By engaging in the acts enumerated above, defendants DOLLAR and McNALLY created a hostile work environment for Plaintiff.  The harassment by defendant McNALLY led to a tangible job detriment.  Defendant DOLLAR failed to exercise reasonable care to prevent and correct promptly the harassing and discriminatory behavior.  Defendant DOLLAR had no policies and

3

COMPLAINT FOR DAMAGES

1    procedures for preventing and responding to Plaintiff's complaints of
2    harassment and discrimination.  Thus, Plaintiff endured a hostile work
3    environment under a non-existent anti-harassment / anti-discrimination policy.
4        18.  Plaintiff was required by statute to file a claim with the U.S. Equal
5    Employment Opportunity Commission.  Plaintiff filed such a claim in a timely
6    manner and a "right-to-sue" letter was issued.  (Attached hereto as Exhibit A is
7    a true and correct copy of the claim and "right-to-sue" letter.)  Plaintiff has thus
8    exhausted all his administrative remedies.

**CAUSES OF ACTION**

**FIRST CLAIM FOR RELIEF FOR SEXUAL HARASSMENT**

**(Title VII of the Civil Rights Act of 1964; Civil Rights Act of 1991)**

**(Against Defendants DOLLAR, McNALLY**

**and DOES 1 through 10, Inclusive)**

14       19.  Plaintiff realleges and repleads all the allegations of the preceding
15   paragraphs of this Complaint and incorporates them herein by reference.
16       20.  Title VII of the Civil Rights Act of 1964 specifically covers sexual
17   harassment.  This includes practices ranging from direct requests for sexual
18   favors to workplace conditions that create a hostile environment for persons of
19   either gender, including same sex harassment.
20       21.  Plaintiff was sexually harassed and subjected to a hostile work
21   environment  during his employment.  This conduct engaged in by defendants
22   violated Title VII of the Civil Rights Act of 1964.
23       22.  The Civil Rights Act of 1991 authorizes compensatory and punitive
24   damages in cases of intentional discrimination, and provides for obtaining
25   attorneys' fees.
26       23.  When defendants, and each of them, engaged in the acts alleged in
27   this Complaint, they created a hostile work environment on the basis of
28   Plaintiff's gender by sexually harassing Plaintiff, by failing to conduct an

4

1  effective investigation, by failing to provide meaningful remedies to make

2  whole the victim and by failing to ensure that harassment does not occur again.

3      24.  When Plaintiff advised defendant DOLLAR of the acts alleged in this

4  Complaint, defendant DOLLAR had a duty to conduct an effective investigation

5  and to provide effective remedies.  When defendant DOLLAR failed to do so, it

6  violated its affirmative duty to Plaintiff.

7      25.  As a proximate result of the aforesaid acts of defendants, Plaintiff has

8  foreseeably suffered and continues to suffer substantial loss of earnings and

9  employment benefits in an amount according to proof at the time of trial.

10  Plaintiff claims such amount as damages together with prejudgment interest.

11      26.  Plaintiff further has incurred additional expenses in his efforts to

12  regain employment, all to his damage in an amount according to proof at the

13  time of trial.

14      27.  As a direct and proximate result of the aforementioned wrongful

15  conduct of defendants, and each of them, Plaintiff will suffer additional loss of

16  earnings,  reduced earning capacity in the future, and other incidental and

17  consequential damages in an amount according to proof at the time of trial.

18      28.  Plaintiff incurred expenses herein for necessary and reasonable

19  attorneys' fees in order to enforce his rights and to obtain benefits due him, all

20  to his further damage in an amount according to proof.

21      29.  As a proximate result of the conduct complained of herein, Plaintiff

22  suffered and continues to suffer embarrassment, humiliation, emotional distress,

23  mental anguish and severe shock to his nervous system, and thereby sustained

24  serious injuries to his physical and mental health, strength and activity, causing

25  him extreme physical and emotional pain, all to his general damage in such

26  amount as may be proven.  Said amount is within the jurisdiction of the

27  Superior Court of the State of California.

28  ///

COMPLAINT FOR DAMAGES

1    30.  As a direct and proximate result of the aforementioned wrongful
2    conduct of defendants, and each of them, Plaintiff incurred medical expenses,
3    the exact nature and extent of which are unknown to Plaintiff at this time and
4    Plaintiff will ask leave of court to amend this complaint in this regard when the
5    same have been ascertained.

6    31.  As a direct and proximate result of the aforementioned wrongful
7    conduct of defendants, and each of them, Plaintiff will be required to incur
8    additional future medical expenses all to his further damage in an amount to be
9    proven at trial.

10   32.  Because the acts taken toward Plaintiff were carried out by managerial
11   employees acting in a deliberate, cold, callous and intentional manner, with
12   malice, oppression and fraud, in order to injure and damage Plaintiff, Plaintiff
13   requests the assessment of punitive damages against defendants, and each of
14   them, in an amount appropriate to punish and make an example of defendants.

15   Wherefore, Plaintiff prays for judgment against the defendants as
16   hereinafter set forth.

17   **SECOND CLAIM FOR RELIEF FOR**
18   **DISCRIMINATION BASED UPON SEX**
19   **(Title VII of the Civil Rights Act of 1964; Civil Rights Act of 1991)**
20   **(Against Defendants DOLLAR and DOES 1 through 10, Inclusive)**

21   33.  Plaintiff realleges and repleads all the allegations of the preceding
22   paragraphs of this Complaint and incorporates them herein by reference.

23   34.  Title VII of the Civil Rights Act of 1964 specifically covers
24   discrimination based upon sex.   It is illegal to discriminate against a person
25   because of their sex.

26   35.  Plaintiff was discriminated against during his employment.  This
27   conduct engaged in by defendants violated Title VII of the Civil Rights Act of
28   1964.

COMPLAINT FOR DAMAGES

36. The Civil Rights Act of 1991 authorizes compensatory and punitive damages in cases of intentional discrimination and provides for obtaining attorneys' fees.

37. When defendants, and each of them, engaged in the acts alleged in this Complaint, they discriminated against Plaintiff because of his sex, failed to conduct an effective investigation, failed to provide meaningful remedies to make whole the victim and failed to ensure that the discrimination did not occur again.

38. When Plaintiff advised defendant DOLLAR of the acts alleged in this Complaint, defendant DOLLAR had a duty to conduct an effective investigation and to provide effective remedies. When defendant DOLLAR failed to do so, it violated its affirmative duty to Plaintiff.

39. As a proximate result of the aforesaid acts of defendants, Plaintiff has foreseeably suffered and continues to suffer substantial loss of earnings and employment benefits in an amount according to proof at the time of trial. Plaintiff claims such amount as damages together with prejudgment interest.

40. Plaintiff further has incurred additional expenses in his efforts to regain employment, all to his damage in an amount according to proof at the time of trial.

41. As a direct and proximate result of the aforementioned wrongful conduct of defendants, and each of them, Plaintiff will suffer additional loss of earnings, reduced earning capacity in the future, and other incidental and consequential damages in an amount according to proof at the time of trial.

42. Plaintiff incurred expenses herein for necessary and reasonable attorneys' fees in order to enforce his rights and to obtain benefits due him, all to his further damage in an amount according to proof.

43. As a proximate result of the conduct complained of herein, Plaintiff suffered and continues to suffer embarrassment, humiliation, emotional distress,

COMPLAINT FOR DAMAGES

1  mental anguish and severe shock to his nervous system, and thereby sustained
2  serious injuries to his physical and mental health, strength and activity, causing
3  him extreme physical and emotional pain, all to his general damage in such
4  amount as may be proven.  Said amount is within the jurisdiction of the
5  Superior Court of the State of California.
6      44.  As a direct and proximate result of the aforementioned wrongful
7  conduct of defendants, and each of them, Plaintiff incurred medical expenses,
8  the exact nature and extent of which are unknown to Plaintiff at this time and
9  Plaintiff will ask leave of court to amend this complaint in this regard when the
10  same have been ascertained.
11      45.  As a direct and proximate result of the aforementioned wrongful
12  conduct of defendants, and each of them, Plaintiff will be required to incur
13  additional future medical expenses all to his further damage in an amount to be
14  proven at trial.
15      46.  Because the acts taken toward Plaintiff were carried out by managerial
16  employees acting in a deliberate, cold, callous and intentional manner, with
17  malice, oppression and fraud, in order to injure and damage Plaintiff, Plaintiff
18  requests the assessment of punitive damages against defendants, and each of
19  them, in an amount appropriate to punish and make an example of defendants.
20      Wherefore, Plaintiff prays for judgment against the defendants as
21  hereinafter set forth.

**THIRD CLAIM FOR RELIEF FOR RETALIATION**

**(Title VII of the Civil Rights Act of 1964; Civil Rights Act of 1991)**

**(Against Defendants DOLLAR and DOES 1 through 10, Inclusive)**

25      47.  Plaintiff realleges and repleads all the allegations of the preceding
26  paragraphs of this Complaint and incorporates them herein by reference.
27      48.  Title VII of the Civil Rights Act of 1964 specifically covers
28  retaliation.  It is illegal to retaliate against an individual for filing a charge of

COMPLAINT FOR DAMAGES

1   discrimination, participating in an investigation, or opposing discriminatory

2   practices.

3       49.   The Civil Rights Act of 1991 authorizes compensatory and punitive

4   damages in cases of intentional discrimination and provides for obtaining

5   attorneys' fees.

6       50.   When defendants, and each of them, engaged in the acts alleged in

7   this Complaint, they retaliated against Plaintiff because he opposed

8   discriminatory practices.  This conduct engaged in by defendants violated Title

9   VII of the Civil Rights Act of 1964.

10      51.   When Plaintiff opposed discriminatory practices, he was engaged in a

11  protected activity.

12      52.   As a proximate result of the aforesaid acts of defendants, Plaintiff has

13  foreseeably suffered and continues to suffer substantial loss of earnings and

14  employment benefits in an amount according to proof at the time of trial.

15  Plaintiff claims such amount as damages together with prejudgment interest.

16      53.   Plaintiff further has incurred additional expenses in his efforts to

17  regain employment, all to his damage in an amount according to proof at the

18  time of trial.

19      54.   As a direct and proximate result of the aforementioned wrongful

20  conduct of defendants, and each of them, Plaintiff will suffer additional loss of

21  earnings,  reduced earning capacity in the future, and other incidental and

22  consequential damages in an amount according to proof at the time of trial.

23      55.   Plaintiff incurred expenses herein for necessary and reasonable

24  attorneys' fees in order to enforce his rights and to obtain benefits due him, all

25  to his further damage in an amount according to proof.

26      56.   As a proximate result of the conduct complained of herein, Plaintiff

27  suffered and continues to suffer embarrassment, humiliation, emotional distress,

28  mental anguish and severe shock to his nervous system, and thereby sustained

COMPLAINT FOR DAMAGES

1  serious injuries to his physical and mental health, strength and activity, causing

2  him extreme physical and emotional pain, all to his general damage in such

3  amount as may be proven.  Said amount is within the jurisdiction of the

4  Superior Court of the State of California.

5      57.  As a direct and proximate result of the aforementioned wrongful

6  conduct of defendants, and each of them, Plaintiff incurred medical expenses,

7  the exact nature and extent of which are unknown to Plaintiff at this time and

8  Plaintiff will ask leave of court to amend this complaint in this regard when the

9  same have been ascertained.

10      58.  As a direct and proximate result of the aforementioned wrongful

11  conduct of defendants, and each of them, Plaintiff will be required to incur

12  additional future medical expenses all to his further damage in an amount to be

13  proven at trial.

14      59.  Because the acts taken toward Plaintiff were carried out by managerial

15  employees acting in a deliberate, cold, callous and intentional manner, with

16  malice, oppression and fraud, in order to injure and damage Plaintiff, Plaintiff

17  requests the assessment of punitive damages against defendants, and each of

18  them, in an amount appropriate to punish and make an example of defendants.

19      Wherefore, Plaintiff prays for judgment against the defendants as

20  hereinafter set forth.

21  / / /

22  / / /

23  / / /

24

25

26

27

28

COMPLAINT FOR DAMAGES

## PRAYER

WHEREFORE, Plaintiff prays for judgment against defendants as follows:

1.    For compensatory damages, including losses arising from mental and emotional distress and other special and general damages, in an amount according to proof at trial;

2.    For an award of punitive damages;

3.    For medical and related expenses according to proof;

4.    For lost earnings and related expenses according to proof;

5.    For attorneys' fees and costs, as allowed by law;

6.    For prejudgment interest on all amounts claimed, as allowed by law; and

7.    For such other and further relief as the Court deems just and proper.

DATED: July ___, 2011                    JAY S. ROTHMAN & ASSOCIATES


                                         _____
                                         JAY S. ROTHMAN
                                         Attorney for Plaintiff
                                         EDDIE D. JOHNSON

COMPLAINT FOR DAMAGES

# DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury in this action.

DATED: July ___, 2011

JAY S. ROTHMAN & ASSOCIATES

_____
JAY S. ROTHMAN
Attorney for Plaintiff
EDDIE D. JOHNSON

12

COMPLAINT FOR DAMAGES

EXHIBIT "A"

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974.  See enclosed Privacy Act
Statement and other information before completing this form.

| Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|
| ☐ FEPA | |
| ☒ EEOC | 480-2011-00396 |

**Missouri Commission On Human Rights** and EEOC

*State or local Agency, if any*

| Name *(indicate Mr., Ms., Mrs.)* | Home Phone *(Incl. Area Code)* | Date of Birth |
|---|---|---|
| Mr. Eddie D. Johnson | (323) 445-4616 | 09-17-1980 |

| Street Address | City, State and ZIP Code |
|---|---|
| 1925 College Ave. # 139, San Bernardino, CA 92407 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others.  *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| DOLLAR TREE INC | 500 or More | (573) 441-0203 |

| Street Address | City, State and ZIP Code |
|---|---|
| 27 Conley Rd.,  Columbia, MO 65201 | |

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

☐ RACE   ☐ COLOR   ☒ SEX   ☐ RELIGION   ☐ NATIONAL ORIGIN

☒ RETALIATION   ☐ AGE   ☐ DISABILITY   ☐ GENETIC INFORMATION

☐ OTHER *(Specify)*

| DATE(S) DISCRIMINATION TOOK PLACE | |
|---|---|
| Earliest | Latest |
| 02-10-2010 | 07-30-2010 |

☐ CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

I have been working for Dollar Tree Inc since about 2/10/10 to on or about 7/30/10, most recently as a Cashier.  I report to Ms. Cheryl McNelly, Store Manager.  Since about February 2010 and continuing through about July 2010, I have been subjected to sexual harassment by Ms. McNelly that included, but is not limited to: being send sexually explicit pictures and text messages, being exposed to sexually suggestive gestures at work.  On or about 7/25/10, I complained to Mr. David Worley, District Manager, about the sexual harassment and hostile work environment.  On or about 7/30/10, I was informed by Ms. Yvonnda Young, Assistant Store Manager, that I was discharged and not to return to work.

No reason was provided for the sexual harassment or the discharge.

I believe that I was subjected to sexual harassment due to my sex (male), and discharged in retaliation for complaining, which is in violation of Title VII of the Civil Rights Act of 1964, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any.  I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| Nov 08, 2010 _____ | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |
| *Date*     *Charging Party Signature* | |

EEOC Form 161-B (11/09)

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| | |
|---|---|
| To:  Eddie D. Johnson<br>1925 College Ave. # 105<br>San Bernardino, CA 92407 | From:  Los Angeles District Office<br>255 E. Temple St. 4th<br>Los Angeles, CA 90012 |

☐  *On behalf of person(s) aggrieved whose identity is*
*CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 480-2011-00396 | Ben Luu,<br>Investigator | (213) 894-1000 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X]  More than 180 days have passed since the filing of this charge.

[ ]  Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X]  The EEOC is terminating its processing of this charge.

[ ]  The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ]  The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice.** Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ]  The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred** more than 2 years (3 years) **before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Enclosures(s)

Olophius E. Perry,
**District Director**

*(Date Mailed)*

cc:   Adria Boetig, Associate Counsel-EEO
DOLLAR TREE INC
500 Volvo Pkwy
Chesapeake, VA 23320

Marina Kats Fraigun, Esq.
Jay S. Rothman & Associates
21900 Burbank Blvd. Suite 210
Woodland Hills, CA 91367

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Dolly Gee and the assigned discovery Magistrate Judge is Carla Woehrle.

The case number on all documents filed with the Court should read as follows:

## CV11- 5923 DMG (CWx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

═══════════════════════════════════════════════════════════

## NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] Western Division | [_] Southern Division | [_] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)       NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

Name & Address:
JAY S. ROTHMAN & ASSOCIATES
JAY S. ROTHMAN, SBN 49739
21900 Burbank Blvd., Suite 210
Woodland Hills, California 91367
Telephone: (818) 986-7870

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDDIE D. JOHNSON<br><br>PLAINTIFF(S)<br>v.<br><br>DOLLAR TREE STORES, INC., a Virginia corporation; CHERYL McNALLY, an individual; and DOES 1 through 10, Inclusive<br><br>DEFENDANT(S). | CASE NUMBER<br><br>**LACV11-5923**DMG(CWx)<br><br>**SUMMONS** |

TO:   DEFENDANT(S): DOLLAR TREE STORES, INC., a Virginia corporation;
CHERYL McNALLY, an individual; and DOES 1 through 10, Inclusive

A lawsuit has been filed against you.

Within   21   days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.   The answer or motion must be served on the plaintiff's attorney, JAY S. ROTHMAN _____, whose address is 21900 Burbank Blvd., Suite 210, Woodland Hills, CA  91367 _____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated:   JUL 19 2011

By: _____
SUSANA P. BUSTAMANTE
Deputy Clerk

(Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

SUMMONS

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
EDDIE D. JOHNSON

**DEFENDANTS**
DOLLAR TREE STORES, INC., a Virginia corporation; CHERYL McNALLY, an individual; and DOES 1 through 10, Inclusive

(b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

JAY S. ROTHMAN, SBN 49739          (818) 986-7870
JAY S. ROTHMAN & ASSOCIATES
21900 Burbank Blvd., Suite 210, Woodland Hills, California 91367

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☒ Yes   ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes   ☒ No          ☐ **MONEY DEMANDED IN COMPLAINT: $** _____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Title VII of the Civil Rights Act of 1964 and the Civil Rights Act of 1991. Defendant sexually harassed Plaintiff and discriminated against him on the basis of his sex.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 550 Civil Rights | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE / PENALTY** | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 610 Agriculture | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☒ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | **SOCIAL SECURITY** |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | **IMMIGRATION** | | ☐ 650 Airline Regs | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | | | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | **FEDERAL TAX SUITS** |
| | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

LACV11-5923

FOR OFFICE USE ONLY:   Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

VIII(a).  IDENTICAL CASES: Has this action been previously filed in this court and dismissed, remanded or closed?  ☑ No   ☐ Yes
If yes, list case number(s): _____

VIII(b).  RELATED CASES: Have any cases been previously filed in this court that are related to the present case?  ☑ No   ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)    ☐ A.  Arise from the same or closely related transactions, happenings, or events; or
                                ☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or
                                ☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
                                ☐ D.  Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

IX. VENUE:  (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐    Check here if the government, its agencies or employees is a named plaintiff.  If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| LOS ANGELES | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐    Check here if the government, its agencies or employees is a named defendant.  If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Defendant McNALLY:  Los Angeles | Defendant DOLLAR TREE:  Norfolk County |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
     Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| LOS ANGELES | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____   Date  July ____ , 2011

    Notice to Counsel/Parties:  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings
    or other papers as required by law.  This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed
    but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet.  (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |